| | |
|---|---|
| **DISTRICT COURT OF THE 18th JUDICIAL DISTRICT, COUNTY OF DOUGLAS, STATE OF COLORADO**<br><br>Court Address:   4000 Justice Way<br>                          Castle Rock, CO 80109<br>                          (720) 437-6200 | DATE FILED: September 29, 2023 10:28 AM<br>FILING ID: E0DA1D1CE503F<br>CASE NUMBER: 2023CV30755 |
| **PLAINTIFF:**     JEREMY EATON, an Individual<br>                           AND,<br>                           JENNALYN TEW, an Individual<br><br>**v.**<br><br>**DEFENDANT:**   DOOR DASH, INC, a Foreign<br>                             Corporation doing business in Colorado | ▲ **COURT USE ONLY** ▲ |
| *Counsel for Plaintiffs:*<br>Dana N. Miller, Esq., #40446<br>BELL & POLLOCK, P.C.<br>7555 E. Hampden Avenue, Ste. 200<br>Denver, CO 80231-4829<br>Telephone: (303) 795-5900<br>Facsimile: (303) 730-7000 | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COME NOW, Plaintiffs, Jeremy Eaton and Jennalyn Tew, by and through their attorneys, Dana N. Miller, Esq., and BELL & POLLOCK, P.C., and for their Complaint against the Defendant, hereby state and allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Jeremy Eaton, (hereinafter referred to as "Plaintiff Eaton" or "Eaton") is an individual and resident of Douglas County, Colorado, at all times material.

2. Plaintiff, Jennalyn Tew (hereinafter referred to as "Plaintiff Tew" or "Tew") is an individual and resident of Douglas County, Colorado, at all times material.

3. Defendant Door Dash Inc., (hereinafter referred to as "Defendant Door Dash" or Door Dash"), is a foreign corporation, whose principal office upon information and belief, at the time of the incident was/is 303 2nd Street, South Tower, Suite 800, San Francisco, California, 94107 ("Door Dash Principal Address"), which at all times material, conducts business in Colorado.

4. At times material, Defendant Door Dash, Inc.'s registered agent was/is CT Corporation

System (d/b/a "The Corporation Company") located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268 ("Registered Agent Address").

5. The actions and events that are the basis of this action occurred in Douglas County, Colorado.

6. This Court has jurisdiction over the subject matter of this incident and the Parties hereto. Venue is proper pursuant to C.R.C.P. Rule 98, inasmuch as the collision which is the subject matter of this case occurred in the City of Castle Rock, County of Douglas, State of Colorado.

## INTRODUCTORY FACTUAL ALLEGATIONS

7. Plaintiffs incorporate paragraphs 1-6 as if set forth verbatim herein.

8. On or about October 3, 2020, at approximately 7:10 pm, Plaintiff Eaton was traveling westbound on Meadows Parkway at the intersection with Highway 85.

9. Plaintiff Eaton was lawfully operating his 2019 Chevrolet Silverado.

10. At the same date and time, Plaintiff Tew was the front passenger of Plaintiff Eaton's Chevrolet Silverado.

11. Plaintiff Eaton proceeded on a green arrow through the intersection in the outer lane of the double left-hand turn attempting to head southbound onto Highway 85.

12. At the same date and time, Deanna Bokoski was traveling eastbound on Meadows Parkway in the middle lane, while operating her 2000 Toyota Rav4.

13. Upon information and belief, Deanna Bokoski failed to stop for the red traffic signal control device when entering the intersection.

14. Plaintiff Eaton had the right of way at the time Deanna Bokoski entered the intersection of Meadows Parkway and Highway 85.

15. Deanna Bokoski entered the intersection colliding with the front of her vehicle into the passenger side of Plaintiffs' Chevrolet Silverado.

16. Upon information and belief, at the time of the collision, both lanes of traffic on each side of Deanna Bokoski were stopped when she failed to stop for the traffic control signal and entered the intersection colliding with Plaintiffs' vehicle.

17. Upon information and belief, Deanna Bokoski was an employee of Defendant Door Dash on the date and time of the collision.

18. Upon information and belief, Deanna Bokoski was logged into the Door Dash app while

in the course of a delivery as an agent for Defendant Door Dash on the date and time of the collision.

19. Deanna Bokoski was an agent and employee of Defendant Door Dash on the date and time of the collision.

20. Defendant Door Dash's employee and agent, driver, caused the collision with Plaintiff Eaton and Plaintiff Tew.

21. Defendant Door Dash's employee and agent was driving while distracted.

22. Defendant Door Dash's employee and agent failed to adhere to traffic control signals.

23. Defendant Door Dash's employee and agent was negligent while operating her vehicle, under the scope of her employment.

24. Defendant Door Dash's employee and agent chose to drive her vehicle while distracted.

25. Defendant Door Dash's employee and agent chose to drive her vehicle against the traffic that had the right of way.

26. According to the responding Castle Rock Police Officer Amber LaPorte (Officer No.: 1805), it was Officer LaPorte's opinion that Deanna Bokoski was distracted while driving and drove through the traffic control device striking Plaintiff Eaton's vehicle.

27. The crash was not the fault of Plaintiff Eaton.

28. The crash was the fault of Deanna Bokoski, Defendant Door Dash's employee.

29. Plaintiff Eaton was injured in the subject collision.

30. Plaintiff Eaton sustained immediate injuries to his head, neck, and back.

31. Plaintiff Tew was injured in the subject collision.

32. Plaintiff Tew sustained immediate injuries to left shoulder, neck, and back.

33. Defendant Door Dash's employee and agent, Deanna Bokoski negligence caused injury, damages, and losses to Plaintiff Eaton and Plaintiff Tew.

34. Defendant Door Dash's employee and agent, Deanna Bokoski drove her vehicle in a reckless manner while acting under the scope and duty of her employment.

35. Defendant Door Dash's employee and agent, Deanna Bokoski drove her vehicle in a careless manner while acting under the scope and duty of her employment.

36. Defendant Door Dash's employee and agent, Deanna Bokoski drove her vehicle in a careless manner while acting under the scope and duty of her agency with Defendant Door Dash.

37. Deanna Bokoski's insurance company, Allstate, accepted liability and paid Plaintiff Eaton full policy limits under Deanna Bokoski's personal vehicle policy.

38. Deanna Bokoski's insurance company, Allstate, accepted liability and paid Plaintiff Tew full policy limits under Deanna Bokoski's personal vehicle policy.

39. Plaintiff Eaton's damages, injuries, and losses were not made whole by Deanna Bokoski's Allstate policy.

40. Plaintiff Tew's damages, injuries, and losses were not made whole by Deanna Bokoski's Allstate policy.

41. Defendant Door Dash is liable for Plaintiff Eaton's damages, injuries, and losses from the collision with its employee and agent Deanna Bokoski.

42. Defendant Door Dash is liable for Plaintiff Tew's damages, injuries, and losses from the collision with its employee and agent Deanna Bokoski.

43. As a direct and proximate result of the incident, and the negligence of Defendant Door Dash employee and agent Deanna Bokoski, Plaintiffs, both individually and jointly, have incurred medical expenses, and have sustained other economic injuries, damages, and/or losses, loss of consortium, and may incur additional medical expenses in the future.

44. As a direct and proximate result of Defendant Door Dash employee and agent's negligence, Plaintiffs, both individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairment and disabilities, distress physical impairment, loss of enjoyment of life, and economic losses and damages.

45. As a direct and proximate result of Defendant Door Dash employee and agent's negligence, Plaintiffs, individually and jointly, have been and will be prevented from engaging in certain social and recreational activities normal to each's respective lifestyle prior to this incident, have lost the benefit of marital consortium in the past, present, and future, and will otherwise be prevented from participating in and enjoying the benefits of a full and complete lives.

46. All Plaintiffs' damages are in the past, present, and future whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT DOOR DASH
### (Negligent Supervision)

47. Plaintiffs incorporate paragraphs 7-46 as if set forth verbatim herein.

48. Defendant Door Dash was negligent with regard to the supervision of Deanne Bokoski.

49. Defendant Door Dash had a legal duty to supervise drivers, such as Deanne Bokoski.

50. Defendant Door Dash did not supervise Deanne Bokoski.

51. Defendant Door Dash breached this duty to supervise others.

52. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained injuries, which have caused the Plaintiffs pain, suffering, and discomfort and which will continue to cause them, individually and jointly, pain, suffering, and discomfort.

53. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairments and disabilities, disfigurement, distress physical impairments, loss of enjoyment of life, past, present, and future loss of consortium, and economic losses and damages.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT DOOR DASH
### (Negligent Hiring)

54. Plaintiffs incorporate herein by reference the Introductory Allegations; and the First, claim for relief as if set forth verbatim herein.

55. Defendant Door Dash was negligent with regard to the hiring of Deanne Bokoski.

56. Defendant Door Dash had a legal duty to conduct investigations of drivers, such as Deanne Bokoski, prior to hiring.

57. This duty is increased by the amount of contact Deanne Bokoski would have with the public as part of her employment and agency with Defendant Door Dash.

58. Defendant Door Dash did not appropriately investigate Deanne Bokoski.

59. Upon information and belief, Defendant Door Dash knew, or should have known, that hiring Deanne Bokoski created a risk of harm to the public at large.

60. Defendant Door Dash breached this duty by failing to properly investigate.

61. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained injuries, which have caused the Plaintiffs pain, suffering, and discomfort and which will continue to cause them, individually and jointly, pain, suffering, and discomfort.

62. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairments and disabilities, disfigurement, distress physical impairments, loss of enjoyment of life, past, present, and future loss of consortium, and economic losses and damages.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT DOOR DASH
### (Negligent Retention)

63. Plaintiffs incorporate herein by reference the Introductory Allegations; and the First and Second claims for relief as if set forth verbatim herein.

64. Defendant Door Dash was negligent with regard to the retention of Deanne Bokoski.

65. Defendant Door Dash had a legal duty to conduct investigations of drivers, such as Deanne Bokoski, during employment.

66. Defendant Door Dash did not appropriately investigate, nor appropriately retain Deanne Bokoski.

67. Upon information and belief, Defendant Door Dash knew, or should have known, that Deanne Bokoski's conduct would subject third parties to an unreasonable risk of harm.

68. Defendant Door Dash breached this duty by failing to properly investigate and subsequently terminate Deanne Bokoski.

69. As a direct and proximate result of Defendant Door Dash's breached duty, Plaintiffs, individually and jointly, have sustained injuries, which have caused the Plaintiffs pain, suffering, and discomfort and which will continue to cause them, individually and jointly, pain, suffering, and discomfort.

70. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairments and disabilities, disfigurement, distress physical impairments, loss of enjoyment of life, past, present, and future loss of consortium, and economic losses and damages.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT DOOR DASH
### (Negligent Training)

71. Plaintiffs incorporate herein by reference the Introductory Allegations; and the First, Second, and Third claims for relief as if set forth verbatim herein.

72. Defendant Door Dash was negligent with regard to the training of Deanne Bokoski.

73. Defendant Door Dash had a legal duty to train drivers, such as Deanne Bokoski, during employment.

74. Defendant Door Dash did not appropriately train Deanne Bokoski.

75. Defendant Door Dash breached this duty by failing to properly train Deanne Bokoski.

76. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained injuries, which have caused the Plaintiffs pain, suffering, and discomfort and which will continue to cause them, individually and jointly, pain, suffering, and discomfort.

77. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairments and disabilities, disfigurement, distress physical impairments, loss of enjoyment of life, past, present, and future loss of consortium, and economic losses and damages.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT LYFT
### (Respondeat Superior)
### (Liability Pursuant to Employee, Agent, Contract Status and/or Representative Status, Principal/Agent, Employer/Employee, Master/Servant)

78. Plaintiffs incorporate herein by reference the Introductory Allegations; and the First, Second, Third, and Fourth claims for relief as if set forth verbatim herein.

79. All times material hereto Deanne Bokoski was an agent and/or employee of Defendant Door Dash and was acting within the course and scope of her employee, agency, contract status and/or representative status; principal/agent, employer/employee and/or master/servant status at the time of the crash as above alleged.

80. As a result of Deanne Bokoski's negligence and Defendant Door Dash being liable therefor, the Plaintiffs sustained injuries, damages, and losses.

81. Defendant Door Dash is bound by the actions and/or omissions of Deanne Bokoski and is

liable to Plaintiffs for their damages, injuries, and losses, through the application of the Doctrine of Respondeat Superior.

82. Defendant Door Dash is liable to Plaintiffs for all of their injuries, damages, and losses.

83. Defendant Door Dash is liable to Plaintiffs for each of their individual and all of their joint losses, injuries, and damages, including pursuant to Doctrine of Respondeat Superior, principal-agent, employer-employee, master-servant, contract or representative status, and/or because at all material times, Deanne Bokoski was an agent, employee, representative and/or servant of Defendant Door Dash, such that Express is liable and responsible to the Plaintiffs' for all of their injuries, damages and losses.

84. As a direct, immediate, and proximate result of Deanne Bokoski's negligence which is imputed to Defendant Door Dash, Plaintiffs have sustained injuries damages and losses.

85. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained injuries, which have caused the Plaintiffs pain, suffering, and discomfort and which will continue to cause them, individually and jointly, pain, suffering, and discomfort.

86. As a direct and proximate result of Defendant Door Dash's breached duties, Plaintiffs, individually and jointly, have sustained damages, injuries, and loses, including but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, physical injuries, both known and unknown, physical, emotional, and mental impairments and disabilities, disfigurement, distress physical impairments, loss of enjoyment of life, past, present, and future loss of consortium, and economic losses and damages.

87. All damages to the Plaintiffs, individually and jointly, are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiffs pray for judgment in favor of the Plaintiffs and against Defendant Door Dash, on account of the matters set forth in all of the Introductory Allegations and the First, Second, Third, Fourth, and Fifth Claims for Relief, in an amount that will fully compensate Plaintiffs for their individual and joint injuries, damages and losses, in the past, present, and future, including past, present, and future medical expenses, past, present, and future pain and suffering, personal injuries, emotional distress, physical injuries, physical impairments, for loss of ability to enjoy life as they did before the incident, for lost time, impaired earning capacity, economic losses, out of pocket expenses, therapy, rehabilitation, permanent injuries, loss of functioning, quality of life losses, past, present, and future loss of consortium, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the Court appears just and proper in the premises.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 29th day of September 2023.

            BELL & POLLOCK, P.C.

            *(Original Signature on file at Bell & Pollock, P.C.)*

            By *s/ Dana N. Miller*_____
              Dana N. Miller, Atty. Reg. No. 40446
              BELL & POLLOCK, P.C.

Plaintiffs' address:
Jeremy Eaton &
Jennalyn Tew
c/o Bell & Pollock, P.C.
7555 E. Hampden Avenue, Suite 200
Denver, CO 80231